IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS<br>CO., LTD., LG ELECTRONICS<br>CO., LTD., | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | C.A. No. 08-348 (GMS) |
| v. | ) <br> ) | **JURY TRIAL DEMANDED** |
| PETTERS GROUP WORLDWIDE, LLC,<br>POLAROID CORPORATION, and<br>WESTINGHOUSE DIGITAL<br>ELECTRONICS, LLC, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**DEFENDANT WESTINGHOUSE DIGITAL ELECTRONICS, LLC'S
ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Westinghouse Digital Electronics, LLC ("Westinghouse") hereby

submits its Answer and Defenses to Plaintiff Samsung Electronics Co., Ltd.'s ("Samsung") and

Plaintiff LG Electronic Co., Ltd.'s ("LG") (collectively "Plaintiffs") Amended Complaint for

Patent Infringement ("Amended Complaint") as follows:

**FIRST DEFENSE**

**THE PARTIES**

1.      Westinghouse is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and, therefore,

denies them.

2.      Westinghouse is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and, therefore,

denies them.

3.      Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint and, therefore, denies them.

4.      Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and, therefore, denies them.

5.      Westinghouse admits that it is a California limited liability company with its principal place of business at 12150 Mora Drive, Santa Fe Springs, California 90670, and that it is doing business in the United States.  Except as expressly admitted, Westinghouse denies the allegations in Paragraph 5 of the Amended Complaint.

## JURISDICTION

6.      Westinghouse admits that the Amended Complaint purports to allege claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Westinghouse admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a) to the extent that Plaintiffs, individually and collectively, are able to demonstrate a proper claim for patent infringement.  To the extent the remaining allegations of Paragraph 6 of the Amended Complaint are directed to Westinghouse, Westinghouse denies the remaining allegations of this paragraph.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations as asserted against all other defendants in this case and, therefore, denies them.

7.      Westinghouse does not contest that this Court has personal jurisdiction over Westinghouse.  To the extent the remaining allegations of Paragraph 7 of the Amended Complaint are directed to Westinghouse, Westinghouse denies the remaining allegations of this

paragraph.  With respect to allegations regarding parties other than Westinghouse, Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and, therefore, denies them.

VENUE

8.     Insofar as the allegations of Paragraph 8 are directed to Westinghouse, Westinghouse admits that venue is proper in this judicial district although Westinghouse maintains that there are more convenient forums in which to proceed with this action.

THE SAMSUNG PATENTS

9.     Westinghouse admits that United States Patent No. 6,184,938 ("the '938 patent"), entitled "Ghost Cancellation Reference Signal With Bessel Chirps & PN Sequences, & TV Receiver Using Such Signal," indicates on its face that it was issued on February 6, 2001, based on an application no. 09/246,182 filed on February 4, 1999.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Amended Complaint and, therefore, denies them.

10.     Westinghouse admits that United States Patent No. 6,480,239 ("the '239 patent"), entitled "Ghost Cancellation Reference Signal With Bessel Chirps And PN Sequences, And TV Receiver Using Such Signal," indicates on its face that it was issued on November 12, 2002, based on an application no. 09/575,259 filed on May 19, 2000.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Amended Complaint and, therefore, denies them.

11.     Westinghouse admits that United States Patent No. 6,937,292 ("the '292 patent"), entitled "Ghost Cancellation Reference Signal With Bessel Chirps And PN Sequences, And TV Receiver Using Such Signal," indicates on its face that it was issued on August 30,

2005, based on an application no. 08/158,299 filed on November 29, 1993. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Amended Complaint and, therefore, denies them.

12.     Westinghouse admits that United States Patent No. 6,104,436 ("the '436 patent"), entitled "Method and Apparatus For Displaying Subchannel Information In A Digital TV Receiver," indicates on its face that it was issued on August 15, 2000, based on an application no. 09/033,006 filed on March 2, 1998. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Amended Complaint and, therefore, denies them.

### THE LG PATENT

13.     Westinghouse admits that United States Patent No. 6,175,718 ("the '718 patent"), entitled "Apparatus And Method For Viewing Of Video Signals," indicates on its face that it was issued on January 16, 2001, based on an application no. 08/812,136 filed on March 5, 1997. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Amended Complaint and, therefore, denies them.

### THE ATSC DIGITAL TELEVISION SYSTEM

14.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies them.

15.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and, therefore, denies them.

16.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint and, therefore, denies them.

### ATSC AND PATENTS '938, '239, '292, '436, AND '718

17.     Westinghouse denies each and every allegation in Paragraph 17 of the Amended Complaint.

### DEFENDANTS' PRODUCTS AT ISSUE

18.     Westinghouse admits that it makes, uses, sells, offers to sell and/or imports televisions in the United States.  To the extent the remaining allegations of Paragraph 18 of the Amended Complaint are directed to Westinghouse, Westinghouse denies each and every remaining allegation of this paragraph.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint and, therefore, denies them.

19.     Westinghouse admits that it makes, uses, sells, offers to sell and/or imports televisions in the United States that are capable of receiving signals broadcast in compliance with certain portions of the ATSC Digital Television Standard A/53 (the "ATSC Standard").  However, as admitted by Plaintiffs in the Amended Complaint, the ATSC Standard is a broadcast standard and does not include a specification for how a television can receive signals broadcast according to the ATSC Standard.  To the extent the remaining allegations of Paragraph 19 of the Amended Complaint are directed to Westinghouse, Westinghouse denies each and every remaining allegation of this paragraph.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to

form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and, therefore, denies them.

20.     Westinghouse denies each and every allegation in Paragraph 20 of the Amended Complaint to the extent the allegations are directed to Westinghouse.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and, therefore, denies them.

21.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and, therefore, denies them.

22.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies them.

23.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and, therefore, denies them.

24.     Westinghouse denies each and every allegation in Paragraph 24 of the Amended Complaint to the extent the allegations are directed to Westinghouse.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and, therefore, denies them.

### FIRST CAUSE OF ACTION

**(Infringement of the '938, '239, '292, '436 and '718 Patents Against Defendant Polaroid)**

25.     Westinghouse incorporates by reference its responses to the allegations of paragraphs 1 through 24 of the Amended Complaint as though set forth in full herein.

26.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and, therefore, denies them.

27.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and, therefore, denies them.

28.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies them.

29.     Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and, therefore, denies them.

### SECOND CAUSE OF ACTION

**(Infringement of the '938, '239, '292, '436 and '718 Patents Against Defendant Westinghouse)**

30.     Westinghouse incorporates by reference its responses to the allegations of paragraphs 1 through 24 of the Amended Complaint as though set forth in full herein.

31.     Westinghouse denies each and every allegation in Paragraph 31 of the Amended Complaint.

32.     Westinghouse denies each and every allegation in Paragraph 32 of the Amended Complaint.

33.     Westinghouse denies each and every allegation in Paragraph 33 of the Amended Complaint.

34.     Westinghouse denies each and every allegation in Paragraph 34 of the Amended Complaint, and denies that Plaintiffs have been damaged or harmed in any amount or amounts or at all.

### PLAINTIFFS' PRAYER FOR RELIEF

Westinghouse denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief or any other relief.

### SECOND DEFENSE
**(Failure to State a Claim)**

35.     Plaintiffs have failed to state any claim upon which relief can be granted.

### THIRD DEFENSE
**(Laches)**

36.     Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH DEFENSE
**(Noninfringement)**

37.     Westinghouse has not infringed, and is not infringing, any valid and enforceable claim of any of the '938, '239, '292, '436 and '718 patents (collectively, the "the patents-in-suit"), either literally or under the doctrine of equivalents, nor has Westinghouse induced or contributed to infringement of any valid and enforceable claim of the patents-in-suit.

8

## FIFTH DEFENSE
**(Invalidity)**

38.     Each of the patents-in-suit, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation, §§ 101, 102, 103, and/or 112.

## SIXTH DEFENSE
**(Prosecution History Estoppel)**

39.     Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of each of the patents-in-suit, including, without limitation, amendments, representations, concessions and admissions made by or on behalf of the applicant, Plaintiffs are estopped from asserting that the claims of each of the patents-in-suit cover and include the devices, methods or acts of Westinghouse under the doctrine of equivalents.

## SEVENTH DEFENSE
**(35 U.S.C. Sections 286 and 287)**

40.     Upon information and belief, Plaintiffs' claims for recovery are barred, in whole or in part, by 35 U.S.C. Sections 286 and/or 287.

## EIGHTH DEFENSE
**(License)**

41.     On information and belief, ATSC was formed in 1982 by the member organizations of the Joint Committee on InterSociety Coordination (JCIC), the Electronic Industries Association (EIA), the Institute of Electrical and Electronic Engineers (IEEE), the National Association of Broadcasters (NAB), the National Cable Television Association (NCTA), and the Society of Motion Picture and Television Engineers (SMPTE).

42.     According to the allegations in the Amended Complaint, "[i]n 1995, the Federal Communications Commission (the 'FCC') adopted a digital television system developed

by the Advanced Television Systems Committee, Inc., commonly known as ATSC, for digital terrestrial television broadcasts."

43.    In the Amended Complaint, Plaintiffs allege that the patents-in-suit are related to the ATSC Standard.

44.    On information and belief, on December 24, 1996, FCC adopted the major components of the ATSC Standard – as urged by members of the Grand Alliance.

45.    On information and belief, the relevant FCC order mandates use of the ATSC standard for terrestrial digital television broadcasts in the United States.

46.    On information and belief, the FCC released its Fourth Report and Order in the Matter of Advanced Television Systems and Their Impact Upon the Existing Television Broadcast Service on December 27, 1996 ("FCC's Fourth Report and Order").

47.    The FCC's Fourth Report and Order stated that the proponents of the ATSC Standard "agreed to make any relevant patents that they owned available either free of charge or on a reasonable, nondiscriminatory basis and we stated that we intended to condition selection of a DTV system on such commitments."  The FCC's Fourth Report and Order further stated that the FCC's adoption of the ATSC standard "is premised on reasonable and nondiscriminatory licensing or relevant patents…[and] [w]e remain committed to this principle and if a future problem is brought to our attention, we will consider it and take appropriate action."

48.    On information and belief, Plaintiffs base their claims for infringement of the patents-in-suit on the ATSC Standard and that certain of Westinghouse's products are capable of receiving signals broadcast in compliance with the ATSC Standard.

49.     On information and belief and to the extent Plaintiffs base their claims for infringement of the patents-in-suit on the ATSC Standard, Westinghouse has obtained a license to make, have made, use, import, sell or offer to sell the inventions claimed in the patents-in-suit by operation of law.

### NINTH DEFENSE
**(Estoppel)**

50.     Westinghouse incorporates by reference its allegations as set forth in Paragraphs 41 through 49 as though set forth in full herein.

51.     Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### TENTH DEFENSE
**(Unclean Hands)**

52.     Westinghouse incorporates by reference its allegations as set forth in Paragraphs 41 through 49 as though set forth in full herein.

53.     The terms of Plaintiffs' offer to license the patents-in-suit as alleged in the Amended Complaint do not comply with the FCC's condition of offering a license either free of charge or on a reasonable, non-discriminatory basis.

54.     Therefore, on information and belief, Plaintiffs' claims for recovery are barred under the doctrine of unclean hands.

### ELEVENTH DEFENSE
**(Patent Misuse)**

55.     Westinghouse incorporates by reference its allegations as set forth in Paragraphs 41 through 49 as though set forth in full herein.

11

56.     The terms of Plaintiffs' offer to license the patents-in-suit as alleged in the Amended Complaint do not comply with their respective obligations to offer a license either free of charge or on a reasonable, nondiscriminatory basis.

57.     Therefore, on information and belief Plaintiffs' claims for recovery are barred and the patents-in-suit are unenforceable by reason of patent misuse.

## PRAYER FOR RELIEF

WHEREFORE, Westinghouse respectfully requests the following relief:

A.     That Plaintiffs' Amended Complaint be dismissed with prejudice, and that Plaintiffs take nothing by way of the Amended Complaint;

B.     That a judgment be entered declaring that the patents-in-suit invalid and unenforceable, and further declaring that such patents have not been infringed by Westinghouse either literally or under the Doctrine of Equivalents, and further declaring that Westinghouse has not induced others to infringe and has not contributed to the infringement of such patents either literally or under the Doctrine of Equivalents;

C.     That Westinghouse be awarded its costs and disbursements in this action;

D.     That this case be declared as exceptional pursuant to 35 U.S.C. § 285 and that Westinghouse be awarded its reasonable attorneys' fees in this action; and

E.     That Westinghouse be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Westinghouse hereby demands a trial by jury on all issues triable thereby.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____

Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
   *Attorneys for Defendant Westinghouse Digital*
   *Electronics, LLC.*

OF COUNSEL:

Andrew B. Grossman
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
725 South Figueroa Street, Ste. 2800
Los Angeles, CA  90017
(213) 488-7100

Dated:  September 3, 2008

2472916

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 3, 2008, I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

> Richard L. Horwitz
> David E. Moore
> Daniel M. Silver

I also certify that copies were caused to be served on September 3, 2008, upon the

following in the manner indicated:

### BY EMAIL

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, DE  19899
>
> Michael P. Kelly
> Andrew S. Dupre
> Daniel M. Silver
> McCarter English, LLP
> Renaissance Centre
> 405 N. King Street, 8th Flr.
> Wilmington, DE  19801

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)