IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD. :
and LG ELECTRONICS CO., LTD., :
                              :
    Plaintiffs,               :
                              :
v.                            :    C.A. No. 08-348-GMS
                              :
PETTERS GROUP WORLDWIDE, LLC, :
POLAROID CORPORATION, and     :
WESTINGHOUSE DIGITAL          :
ELECTRONICS, LLC,             :
                              :
    Defendants.               :

**OPENING BRIEF IN SUPPORT OF
PETTERS GROUP WORLDWIDE, LLC'S AND POLAROID CORPORATION'S
MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT WITH RESPECT TO PETTERS**

Michael P. Kelly (DE ID# 2295)
Andrew S. Dupre (DE ID# 4621)
Daniel M. Silver (DE ID# 4758)
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399
dsilver@mccarter.com

Lee J. Eulgen (admitted pro hac vice)
James P. Muraff (admitted pro hac vice)
Gregory J. Leighton (admitted pro hac vice)
Neal, Gerber & Eisenberg LLP
2 North La Salle Street
Suite 2200
Chicago, Illinois 60602
(312) 269-8000

DATE: SEPTEMBER 3, 2008

ME1 7684775v.1

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................... 1

I.  PETTERS AND POLAROID RESPECTFULLY REQUEST THE AMENDED COMPLAINT BE DISMISSED OR THAT PLAINTIFFS BE REQUIRED TO PLEAD WITH MORE SPECIFICITY, UNDER FED. R. CIV. P. 12, BECAUSE THE AMENDED COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8 ......... 1

II. ALTERNATIVELY, PETTERS GROUP WORLDWIDE, LLC IS ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER FED. R. CIV. P. 56 BECAUSE PETTERS DOES NOT MANUFACTURE, USE, SELL, OFFER FOR SALE, AND/OR IMPORT ANY PRODUCTS THAT COULD BE ACCUSED OF INFRINGING, DIRECTLY OR OTHERWISE, THE PATENTS-IN-SUIT ................................................................................................................. 1

NATURE AND STAGE OF PROCEEDINGS ........................................................................... 2

STATEMENT OF FACTS .......................................................................................................... 4

    A.  The Parties to the Lawsuit ..................................................................................... 4

ARGUMENT ............................................................................................................................... 6

I.  PETTERS AND POLAROID RESPECTFULLY REQUEST THE COURT TO DISMISS THE AMENDED COMPLAINT BECAUSE IT IS SO VAGUE THAT IT FAILS FED. R. CIV. P. 8(a)(2)'S REQUIREMENT OF "REASONABLE NOTICE." ............................................................................................................................ 6

    A.  The Amended Complaint Is Merely a Formulaic Recitation of the Elements of Patent Infringement ....................................................................... 7

    B.  The Amended Complaint Fails to Identify a Single Infringing Product ............... 8

    C.  It is Unclear from the Amended Complaint Whether the First Cause of Action is Asserted Against Petters ....................................................................... 10

II. ALTERNATIVELY, PETTERS DOES NOT MAKE, USE, SELL, OFFER TO SELL, OR IMPORT ANY PRODUCTS EVEN RELATED TO THE CATEGORIES LISTED IN THE AMENDED COMPLAINT, AND IS THEREFORE ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT .................................................................................................... 11

III. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

## CASES

*Agilent Technologies, Inc. v. Micormuse, Inc.*,
   2004 WL. 2346152 (S.D.N.Y. 2004)..................................................................................8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)............................................................................................................11

*Automated Business Companies, Inc. v. NEC America, Inc.*,
   202 F.3d 1353 (Fed. Cir. 2000).......................................................................................12

*Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*,
   2006 WL. 3469599 (E.D. Wis. 2006)............................................................................10

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)............................................................................................6, 7, 8

*Carter v. Stanto*,
   405 U.S. 669 (1972)............................................................................................................11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)............................................................................................................11

*Judin v. United States*,
   110 F.3d 780 (Fed. Cir. 1997)........................................................................................10

*Lujan v. National Wildlife Federation*,
   497 U.S. 871 (1990)............................................................................................................11

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)............................................................................................................11

*Ondeo Nalco Co. v. EKA Chemicals, Inc.*,
   2002 WL. 1458853 (D. Del. 2002)..................................................................................8

*Pharmaceutical Solutions, Inc. v. Vitamax RX,*,
   2006 WL. 14559 (D. Minn. 2006)..................................................................................8

*Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*,
   2008 WL. 200340 (D. Utah 2008)..................................................................................8

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*,
   481 F. Supp. 2d 954 (W.D. Wis. 2007)........................................................................8

## STATUTES

35 U.S.C. § 271 .................................................................................................................7

Fed. R. Civ. P. 8(a)(2) ................................................................................................ *Passim*

Fed. R. Civ. P. 11(b)(3) ......................................................................................................9

Fed. R. Civ. P. 12(b)(6) ............................................................................................. *Passim*

Fed. R. Civ. P. 56 ....................................................................................................3, 4, 11

Fed. R. Civ. P. 56(c) .......................................................................................................11

ME1 7684775v.1

## SUMMARY OF ARGUMENT

I. PETTERS AND POLAROID RESPECTFULLY REQUEST THE AMENDED COMPLAINT BE DISMISSED OR THAT PLAINTIFFS BE REQUIRED TO PLEAD WITH MORE SPECIFICITY, UNDER FED. R. CIV. P. 12, BECAUSE THE AMENDED COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.

II. ALTERNATIVELY, PETTERS GROUP WORLDWIDE, LLC IS ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER FED. R. CIV. P. 56 BECAUSE PETTERS DOES NOT MANUFACTURE, USE, SELL, OFFER FOR SALE, AND/OR IMPORT ANY PRODUCTS THAT COULD BE ACCUSED OF INFRINGING, DIRECTLY OR OTHERWISE, THE PATENTS-IN-SUIT.

1

## NATURE AND STAGE OF PROCEEDINGS

On June 10, 2008, the plaintiff, Samsung Electronics Co., Ltd. ("Samsung"), filed a Complaint in this Court alleging that the defendants, Petters Group Worldwide, LLC ("Petters"), Polaroid Corporation ("Polaroid"), and Westinghouse Digital Electronics, LLC ("Westinghouse") infringed four of Samsung's patents, including U.S. Patent Nos. 6,184,938, 6,480,239, 6,937,292, and 6,104,436 ("Samsung Patents"). Subsequently, on June 26, 2006, Petters and Polaroid (jointly, "moving Defendants") filed a Motion for Extension of Time to Answer or Otherwise Plead to the Complaint, which the Court granted in part, thereby giving Petters and Polaroid an additional thirty (30) days to respond to the Complaint.

On August 1, 2008, Samsung and a new co-plaintiff, LG Electronics Co., Ltd. ("LG") filed an Amended Complaint asserting two causes of action – namely, infringement of the four Samsung Patents and LG's Patent No. 6,175,718 ("LG Patent") against "Polaroid," and infringement of the four Samsung Patents and the LG Patent against Westinghouse. *See* Amended Complaint, ¶¶ 25-34. In the Amended Complaint, Plaintiffs defined "Polaroid" in two ways, first as Polaroid alone, and then as Polaroid and Petters. *See id.* at ¶¶ 4 and 7. Therefore, it is unclear from the Amended Complaint whether Plaintiffs' First Cause of Action is asserted against Polaroid alone or against Petters as well. On August 18, 2008, Polaroid and Petters filed a motion for an extension of time to answer or otherwise plead in response to the Amended Complaint, which this Court granted that same day, thereby giving Polaroid and Petters until September 3, 2008 to respond to the Amended Complaint.

As set forth in more detail below, Petters and Polaroid respectfully request that the Court should dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or order a more definite statement pursuant to Fed. R. Civ. P. 12(e) because the Amended Complaint fails to adequately give Petters and Polaroid reasonable notice of the claims being asserted against them.

2

Specifically, the Amended Complaint lacks any factual allegation regarding specific infringing conduct with respect to Petters or Polaroid and does not list any specific products that may be at issue. Thus, Petters and Polaroid are unable to respond to the Complaint without suffering undue hardship. As such, the Amended Complaint fails the pleading standard required by Fed. R. Civ. P. 8(a)(2) and, moreover, fails to state a claim upon which relief can be granted. Accordingly, Petters and Polaroid respectfully request that the Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or that Plaintiffs be required to provide Petters and Polaroid with a more definite statement of their alleged claims pursuant to Fed. R. Civ. P. 12(e).

Alternatively, even if the Court finds that the Amended Complaint meets the pleading standards of Fed. R. Civ. P. 8(a) -- which Petters and Polaroid contend it does not -- summary judgment is appropriate under Fed. R. Civ. P. 56 with respect to Petters because Petters does not manufacture, use, sell, offer for sale, and/or import any products could be accused of infringing, directly or otherwise, the patents-in-suit. Therefore, Petters could not possibly infringe any of the asserted patents. In support of this argument, Petters has attached the Declaration of David Baer, Petter's Chief Legal Officer, expressly stating that Petters does not make, use, sell, offers to sell, or import for sale any products capable of receiving digital ATSC television signals. Therefore, Petters respectfully requests that, if dismissal is deemed inappropriate, the Court in any event grant summary judgment under Fed. R. Civ. P. 56 with respect to Petters.

3

## STATEMENT OF FACTS

A.   **The Parties to the Lawsuit**

   1.   **Petters Group Worldwide, LLC and Polaroid Corporation**

Defendant Petters Group Worldwide, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4400 Baker Road, Minnetonka, Minnesota. Declaration of David Baer ("Baer Decl."), ¶ 2. Petters is an investment company that comprises various companies around the world.

One of the companies owned by Petters is Polaroid Corporation, which is a wholly-owned subsidiary of Petters. *Id.* at ¶ 3. Polaroid is a Delaware corporation with a place of business at 1265 Main Street, Waltham, Massachusetts. Polaroid is one of the world's most famous manufacturers of photographic products and consumer electronics. Petters and Polaroid are separate legal entities. *Id.* at ¶ 3.

Petters does not make, use, sell, offer to sell, or import any of the following: televisions, including LCD televisions, DVD/television combinations, plasma televisions, and projection screen televisions; television tuners, including tuner cards; set-top boxes capable of receiving terrestrial broadcast television; and video recorders with tuners, including DVD recorders and digital video recorders ("DVR")/personal receiving digital ATSC television signals ("DTV Products"). *Id.* at ¶ 4. In addition, Petters does not make, use, sell, offer to sell, import or place into any established distribution channels DTV products in the United States that are capable of receiving digital ATSC television signals. *Id.* at ¶ 4.

   2.   **Westinghouse Digital Electronics, LLC**

Defendant Westinghouse Digital Electronics, LLC is a limited liability company organized and existing under the laws of California with its principal place of business at 12150

Mora Drive, Santa Fe Springs, California 90670. Amended Complaint at ¶ 5. Petters and Polaroid are not related companies to Westinghouse.

### 3. Samsung Electronics Co., Ltd.

Plaintiff Samsung Electronics Co., Ltd. is a Korean corporation with its principal place of business in Seoul, Korea. Amended Complaint at ¶ 1. Samsung asserts four of its patents against Defendants in this lawsuit – namely, U.S. Patent Nos. 6,184,938 entitled "Ghost Cancellation Reference Signal With Bessel Chirps & PN Sequences, & TV Receiver Using Such Signal" ("the '938 Patent"), 6,480,239 entitled "Ghost Cancellation Reference Signal With Bessel Chirps And PN Sequences, And TV Receiver Using Such Signal" ("the '239 Patent"), 6,937,292 entitled "Ghost Cancellation Reference Signal With Bessel Chirps And PN Sequences, And TV Receiver Using Such Signal" ("the '292 Patent"), and 6,104,436 entitled "Method and Apparatus For Displaying Subchannel Information In A Digital TV Receiver" ("the '436 Patent"). *Id.* at ¶¶ 9-12.

### 4. LG Electronics Co., Ltd.

Plaintiff LG Electronics Co., Ltd. is a Korean corporation having its principal place of business in Seoul Korea. *Id.* at ¶ 2. LG asserts one of its patents against Defendants in this lawsuit – namely, U.S. Patent No. 6,175,718 entitled "Apparatus And Method For Controlling Viewing of Video Signals" ("the '718 Patent"). *Id.* at ¶ 13. It is Petters' and Polaroid's understanding that LG has no relationship or association with Samsung.

## ARGUMENT

I. **PETTERS AND POLAROID RESPECTFULLY REQUEST THE COURT TO DISMISS THE AMENDED COMPLAINT BECAUSE IT IS SO VAGUE THAT IT FAILS FED. R. CIV. P. 8(A)(2)'S REQUIREMENT OF "REASONABLE NOTICE."**

Plaintiffs' Amended Complaint fails the "reasonable notice" requirement of Fed. R. Civ. P. 8(a)(2) and therefore, moving Defendants request dismissal. The United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), recently expounded upon a plaintiff's duty under Fed. R. Civ. P. 8(a) to provide fair notice of the grounds for the claims by which the plaintiff prays for relief:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S.Ct. at 1964-65 (internal citations and punctuation omitted). The Supreme Court continued, "the threshold requirement of Rule 8(a)(2) [is] that the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 1966 (internal punctuation omitted). The Court criticized the dissent's view that Rule 8 absolves a plaintiff from the duty to plead facts sufficient to place the other party on notice of its claims:

> The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is

6

hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 127 S. Ct. 1955 n. 3 (internal citations and punctuation omitted; emphasis in original).

Applying *Twombly*, Plaintiffs' Amended Complaint fails to state a claim against Petters or Polaroid. Specifically, the Amended Complaint fails to state a claim because not only is it merely a formulaic and conclusory recitation of the elements of a claim for patent infringement that fails to specify what Polaroid products are allegedly infringing, but it is also unclear whether its First Cause of Action is asserted against Polaroid alone or against Petters as well.

### A. The Amended Complaint Is Merely a Formulaic Recitation of the Elements of Patent Infringement

A cursory review of the Amended Complaint's "fact" allegations reveals them to be nothing more than the "formulaic recitation of the elements of a cause of action" that *Twombly* expressly held cannot satisfy Fed. R. Civ. P. 8's notice requirement. Specifically, paragraphs 26-28 of the Amended Complaint comprise general statements of the elements of a patent infringement claim with a bald allegation that "Polaroid" committed each element.[1] For example, paragraph 26 states "Polaroid has directly infringed, contributorily infringed, and/or has induced others to infringe, the '938, '929, '239, '292, '436, and '718 patents by making, importing, using, offering to sell, and/or selling within the United States various DTV Products." *See* Amended Complaint at ¶ 26. This conclusory claim, which provides only a laundry list of the possible statutory ways a defendant might infringe a patent under 35 U.S.C. § 271, lacks any facts to support such a claim. In addition, as set out in greater detail below, no specific Polaroid or Petters products names or model numbers are even mentioned. Therefore, Petters and

---

[1] As noted previously, Plaintiffs define "Polaroid" in two ways in their Amended Complaint, first as Polaroid alone and then as Polaroid and Petters. It is therefore unclear who Plaintiffs' cause of action is asserted against.

7

Polaroid cannot fairly deduce from the Amended Complaint how they have purportedly infringed Plaintiffs' patents. Thus, Polaroid and Petters have not received fair notice as to what Plaintiffs' infringement claim consists of, and, as a result, under *Twombly*, the infringement claim is fatally defective and does not comply with Fed. R. Civ. P. 8.

Accordingly, Plaintiffs' infringement claim set forth in the First Cause of Action must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Alternatively, Plaintiffs should be required to give a more definite statement of their infringement claim.

### B.  The Amended Complaint Fails to Identify a Single Infringing Product

The overbroad and vague nature of Plaintiffs' infringement claims is further exemplified by Plaintiffs' failure to limit the allegations to particular products. Numerous courts have held that Fed. R. Civ. P. 8(a) requires that a plaintiff must allege at least one specific product that infringes the patent at issue. *See Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, *1 (D. Del. 2002) (granting motion to dismiss patent infringement counterclaim where patentee only identified the accused products by describing them as defendant's "products, including the 8692 product"); *see also Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 2008 WL 200340, *1 (D. Utah 2008) (granting defendant's motion for more definite statement where defendant sold over 300 products and plaintiff failed to identify which were allegedly infringing in its complaint); *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) ("In the context of alleged patent infringement, [Fed. R. Civ. P. 8 requires] that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent."); *Pharmaceutical Solutions, Inc. v. Vitamax RX*, 2006 WL 14559, *3 (D. Minn. 2006) (requiring patentee to amend its complaint to identify which product or products allegedly infringed its patent); *Agilent Technologies, Inc. v. Micormuse, Inc.*, 2004 WL 2346152, *4-6 (S.D.N.Y. 2004) (ruling that an

accused infringer is entitled to know which of its products or services are alleged to have infringed the plaintiff's patents).

Similar to the *Ondeo Nalco Co.*, *Ricoh Co., Ltd.*, *Phillip M. Adams*, *Pharmaceutical Solutions*, and *Agilent Technologies* decisions, moving Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed, or in the alternative a more definite statement should be required, because the Amended Complaint does not allege even one specific product that purportedly infringes the patents at issue. Rather, the Amended Complaint vaguely alleges that "Defendants make, use, sell, offer to sell and/or import at least one of the following: televisions, including LCD televisions, DVD/television combinations, plasma televisions and projection screen televisions; television tuners, including tuner cards; set-top boxes capable of receiving terrestrial broadcast television; and video recorders with tuners, including DVD recorders and digital video recorders("DVR")/personal video recorders ("PVR")." Amended Complaint at ¶ 18. However, no specific Polaroid or Petters product trade names or model numbers are even mentioned. Indeed, Polaroid markets scores of products that may fall within the vagaries of this allegation, and Polaroid and Petters are left guessing which of Polaroid's products are at issue. Thus, in order to respond to the allegations of the Amended Complaint as written, Polaroid would be forced to spend extensive time and resources comparing each of the five (5) patents and one hundred and ninety-seven (197) claims therein to the various products that Polaroid sells. Surely, imposing such a burden on Polaroid does not comport with the notice pleading requirements of Fed. R. Civ. P. 8.

Presumably, Plaintiffs already know the identity of at least one model number from each category of the "DTV Product" that they believe infringe their patents, although not alleged in the Amended Complaint, as Plaintiffs have a burden under Fed. R. Civ. P. 11(b)(3) to compare the claims of alleged patents to actual products on an element by element basis prior to filing any

9

complaint. *See Judin v. United States*, 110 F.3d 780, 784-85 (Fed. Cir. 1997); *Bay Industries, Inc. v. Tru-Arx Mfg., LLC*, 2006 WL 3469599 (E.D. Wis. 2006). Thus, Plaintiffs should be able to easily identify at least one specific allegedly infringing product for each of the listed categories in the Amended Complaint and would not suffer any burden by including those products in the Amended Complaint.

### C. It is Unclear from the Amended Complaint Whether the First Cause of Action is Asserted Against Petters

The First Cause of Action for infringement in the Amended Complaint is asserted against "Polaroid." However, as noted above, Plaintiffs provide two different definitions of "Polaroid" in the Amended Complaint. Specifically, in Paragraph 4, Plaintiffs define "Polaroid" as Polaroid Corporation alone and in Paragraph 7, Plaintiffs define "Polaroid" as Defendants Petters and Polaroid. Amended Complaint at ¶¶ 4, 7. Therefore, it is unclear whether Plaintiffs' First Cause of Action, which is set forth in Paragraphs 25-29, applies to Petters and Polaroid, or just Polaroid. As such, the Amended Complaint not only fails to give Petters fair notice of any claims against it as required under Rule 8, but to the extent the First Cause of Action is asserted against Polaroid alone, it fails to assert a claim against Petters as required by Fed. R. Civ. P. 12(b)(6).

Moreover, proper pleading requires that "in order to state a claim for relief, actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged." 5 Charles A Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1248. Thus, if the First Cause of Action is asserted against both Polaroid and Petters, then asserting generic allegations without differentiation whatsoever between these parties is not adequate notice under Fed. R. Civ. P. 8(a)(2). Accordingly, moving Defendants respectfully

10

request that this Court dismiss the Amended Complaint with respect to Petters, or alternatively require Plaintiffs to provide a more definite statement.

II. **ALTERNATIVELY, PETTERS DOES NOT MAKE, USE, SELL, OFFER TO SELL, OR IMPORT ANY PRODUCTS EVEN RELATED TO THE CATEGORIES LISTED IN THE AMENDED COMPLAINT, AND IS THEREFORE ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT.**

Assuming *arguendo* that Plaintiffs' First Cause of Action was asserted against Polaroid *and* Petters and that the Court finds that Plaintiffs' Amended Complaint meets the pleading standards of Rule 8(a), Petters is nonetheless entitled to summary judgment under Fed. R. Civ. P. 56 because it does not manufacture, use, sell, offer for sale, and/or import any products that are or can be accused of infringing, directly or otherwise, the patents-in-suit.

Fed. R. Civ. P. 12(b) permits conversion of a motion to dismiss to a motion for summary judgment if matters outside the pleading are presented to and not excluded by the Court. Fed. R. Civ. P. 12(b); *Carter v. Stanto*, 405 U.S. 669, 671 (1972). Summary judgment is appropriate where there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party bears the burden of demonstrating that there are general disputes of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, the non-moving party must produce evidence to support its position, and may not rest on conclusory allegations or bare assertions. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).

As discussed above, Plaintiffs' Amended Complaint alleges in conclusory fashion that the Defendants make, use, sell, offer to sell, import, and/or place into established distribution channels "DTV Products" which purportedly infringe Plaintiffs' asserted patents. *See* Amended Complaint at ¶¶ 18-19. However, contrary to Plaintiffs' allegations, Petters does not

11

manufacture, use, sell, offer for sale, import, or place into established distribution channels any "DTV Products," such as any televisions, including LCD televisions, DVD/television combinations, plasma televisions, and projection screen televisions; television tuners, including tuner cards; set-top boxes capable of receiving terrestrial broadcast television; and video recorders with tuners, including DVD recorders and digital video recorders ("DVR")/personal receiving digital ATSC television signals. Baer Decl. at ¶ 4. In fact, it is Polaroid, not Petters, that may market or sell the type of devices that Plaintiffs allege infringe their patents. And, while Petters is the parent corporation to Polaroid, each is a separate legal entity. Baer Decl. at ¶ 3. Accordingly, Petters is entitled to summary judgment. In addition, to the extent that Plaintiffs were not already aware, Plaintiffs have now been made aware of Petters' separate existence from Polaroid, and lack of involvement with the alleged infringing product categories from the Amended Complaint. Thus, Plaintiffs should remove Petters from this lawsuit and are obligated to do so. *See Automated Business Companies, Inc. v. NEC America, Inc.*, 202 F.3d 1353 (Fed. Cir. 2000).

Accordingly, if the Court does not dismiss the Amended Complaint, Petters respectfully requests that the Court convert this motion to dismiss into a motion for summary judgment, and that the Court enter judgment as a matter of law pursuant to Fed. R. Civ. P. 56 in favor of Petters.

ME1 7684775v.1

III.  **CONCLUSION**

For the reasons set forth herein, Defendants Petters and Polaroid respectfully request that the Court dismiss Plaintiffs' Amended Complaint against them for failure to state a claim upon which relief may be granted. Otherwise, Defendants respectfully request that the Court require Plaintiffs to provide a more definite statement of their claim. In the alternative, Petters respectfully requests that the Court enter summary judgment with respect to Petters, removing Petters from needless inclusion within this lawsuit.

                                    Respectfully submitted,

Dated: September 3, 2008       By:  /s/ Daniel M. Silver
                                            Michael P. Kelly (DE ID# 2295)
                                            Andrew S. Dupre (DE ID# 4621)
                                            Daniel M. Silver (DE ID# 4758)
                                            McCarter & English, LLP
                                            Renaissance Centre
                                            405 N. King Street, 8th Floor
                                            Wilmington, DE 19801
                                            (302) 984-6300
                                            (302) 984-6399
                                            dsilver@mccarter.com

                                            Lee J. Eulgen (admitted pro hac vice)
                                            James P. Muraff (admitted pro hac vice)
                                            Gregory J. Leighton (admitted pro hac vice)
                                            Neal, Gerber & Eisenberg LLP
                                            2 North La Salle Street
                                            Suite 2200
                                            Chicago, Illinois 60602
                                            (312) 269-8000

                                            Counsel for Polaroid Corporation and
                                            Petters Group Worldwide, LLC

ME1 7684775v.1